## THREADGILL & WEEMS HOLDINGS, L.L.C.

### v.

### Mitchell F. CRUSTO

### NO. 2016–CA–0491

Court of Appeal of Louisiana,
Fourth Circuit.

### NOVEMBER 30, 2016

Irl R. Silverstein, David A. Silverstein, THE SILVERSTEIN LAW FIRM, APLC, 635 Lafayette Street, Gretna, LA 70053, COUNSEL FOR PLAINTIFF/APPELLANT

James R. Washington, III, James R. Washington, III, L.L.C., ATTORNEY AT LAW, 650 Poydras Street, Suite 1400,

---

New Orleans, LA 70130, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Madeleine M. Landrieu)

Judge Madeleine M. Landrieu

On June 17, 2009, a judgment was rendered in favor of Charles Threadgill and Thomas Weems and against Mitchell Crusto in the principal sum of $153,414.42 in a matter filed in the Eastern District of Louisiana.[1] In payment of the judgment, Mr. Crusto executed a *Dation En Paiement* transferring two condominiums on St. Charles Avenue in New Orleans to Threadgill & Weems Holdings, L.L.C. Charles Threadgill and Thomas Weems, the judgment creditors, are the only two members of Threadgill & Weems, LLC. They assigned their rights in the judgment to the LLC.

The LLC instituted this action entitled a "Petition to Enforce Agreement" alleging that the proceeds of the sale of the condominiums were insufficient to satisfy the judgment; that the *Dation En Paiement* incorrectly states that the transfer of the two condominiums fully satisfied the judgment; and, that the agreement between the parties was that Mr. Crusto would be responsible for paying to the LLC the difference between the proceeds from the sale of the condominiums and the full value of the judgment. Mr. Crusto contends that the *dation* clearly and unambiguously provides that the transfer of the two condominiums to the LLC was done in full and final satisfaction of the federal court judgment.

The case came for trial on March 2, 2016. After taking testimony and receiving evidence, the trial court took the matter under advisement and on March 8, 2016, rendered judgment in favor of defendant, Mitchell Crusto, and against plaintiff, Threadgill & Weems, LLC, dismissing plaintiff's suit with prejudice. It is from this judgment that the plaintiff now appeals.

The LLC raises three assignments of error. It first alleges that the trial court erred in denying a pre-trial motion by which the LLC sought to depose Mr. Crusto's prior counsel, Mr. Richard E. Regan. Mr. Regan is alleged to have negotiated and drafted a letter dated September 15, 2009, which the LLC contends reflects the true intent of the parties. In its second assignment of error, the LLC argues that the trial court erred in excluding from evidence the September 15, 2009 letter. Finally, the LLC argues that the trial court erred in dismissing its petition by failing to order a reformation of the *dation en paiement* to reflect the intent of the parties as expressed in the September 15, 2009 letter agreement.

At the heart of each assignment is whether the trial court should have considered the intent of the parties. The trial court found the *dation en paiement*, executed in 2009, to be clear and unambiguous and determined, therefore, that parole evidence as to the intent of the parties was not admissible. See, La. C.C. article 1848. For the reasons that follow, we affirm.

A *dation en paiement* or "giving in payment" is a civilian concept. It is an act by which a debtor gives a thing to his creditor in payment for a debt. La. C.C. art. 2655. A *dation* can be used to partially satisfy a debt. La. C.C. art. 2656.

It is undisputed that the *dation* at issue was properly executed by Mr. Crusto and the LLC, with the LLC acting

---

1. Charles D. Threadgill and Thomas Weems, Jr. v Mitchell F. Crusto, No. 02–1122 c/w No. 02–1460, Section "R," U.S.D.C. Eastern District of Louisiana.

through its duly authorized manager, Mr. Irl Silverstein. It is further undisputed that the *dation* provided that Mr. Crusto was indebted unto Charles Threadgill and Thomas Weems, Jr. in the sum of Two Hundred and Twenty Three Thousand Seven Hundred and Fifty and 24/100 ($223,750.24) as represented by the judgment rendered in the underlying federal lawsuit, this sum representing the principal amount of the judgment and interest which had accrued on the judgment. The *dation* provides that the LLC was the assignee of that judgment and that Mr. Crusto, "wishing to be released from the indebtedness" and "unable to pay" the judgment, executed the *dation* to transfer and convey to the LLC two condominiums owned by him. Most pertinent to the dispute between the parties to this appeal, the *dation* provides as follows:

The transfer and conveyance of said property by the said Mitchell F. Crusto is made and accepted for and in consideration of the indebtedness aforesaid and is received by the said Threadgill & Weems Holdings, L.L.C., in **full acquittance and discharge** by the said Threadgill & Weems Holdings, L.L.C., to and in favor of Mitchell F. Crusto, of the indebtedness of that certain Judgment, dated June 17, 2009. (Emphasis ours)

Almost a year after the execution of the *dation*, on August 13, 2010, the LLC, again represented by its manager Mr. Silverstein, executed and had filed into the public record a "Release By Obligee of Record" in favor of Mr. Crusto as to the underlying judgment representing that the judgment was fully satisfied. The Release states: "The said secured obligation has been paid or otherwise satisfied or extinguished and further the said mortgage or privilege is hereby released." Three years later, in 2013, Mr. Silverstein executed an Act of Correction indicating that he made an error in the original Release and desired to correct it by now asserting that the Release executed on August 13, 2010 was "not to be a full release of the judgment, but rather a partial release...." This Act of Correction was executed by Mr. Silverstein, but was not signed by Mr. Crusto or anyone acting on his behalf.

The issues before us on appeal are whether the trial court erred in excluding from evidence the testimony of prior counsel and the letter of September 2009, both of which constitute parole evidence.

When the words of a contract are clear and explicit, and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement. La. C.C. art. 1848. The writing sought to be reformed here, the *dation en paiement*, is an authentic act. There is no allegation of "vice of consent" or that there exists a subsequent and valid oral agreement. The allegation is that there exists a *prior* agreement that is inconsistent with the *dation*. Appellants argue that the earlier agreement properly reflects the intent of the parties.[2]

In support of its position, the LLC relies on the Louisiana Supreme Court's decision in *Agurs v. Holt*, 232 La. 1026, 95 So.2d 644 (La. 1957). The LLC contends that

---

2. The trial court, in excluding the September 2009 letter, properly accepted counsel's proffer of the letter so the same is before us for our consideration.

*Agurs* created a jurisprudential exception to the prohibition against parole evidence, allowing parole evidence to be admitted in an action seeking a reformation to establish the mutual error and mistake in a written document.

While the LLC properly quotes the *Agurs* opinion, we find the LLC's interpretation of *Agurs* is overly broad. In *Agurs*, the Court was called upon to determine the legal boundaries of property that had been transferred many years prior to the case before the court. The conduct of the numerous parties in interest over the years was inconsistent with the written description of the property, leading to ambiguity about what was actually transferred. Hence the court allowed parole evidence to determine the true intent of the parties. In *Agurs*, the Court explained:

> On this aspect of the case, plaintiff's counsel correctly observes that the testimony of Holt, Jr. is contrary to defendants' denial of any mutual error because, if effect be given to the deed as it is presently written, the result would be that Holt had fenced in 36 acres on the west that did not belong to him and failed to fence 36 acres on the east that he did own.

*Agurs*, 232 La. 1026, 1038, 95 So.2d at 648.

In the case before us, there is absolutely no ambiguity in the *dation*. It clearly provides that the transfer of the condominiums to the LLC would serve as a "full acquittance and discharge" of Mr. Crusto's obligations pursuant to the underlying federal court judgment. After the *dation* was executed, the manager of the LLC executed and had filed in the public record a "Release of Obligee of Record," which again provided that the underlying obligation had been "paid or otherwise satisfied." The trial court did not err in refusing to consider evidence regarding the alleged intent of the parties.

For the reasons stated above, the trial court judgment is affirmed.

**AFFIRMED**